## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA LAN CHMURA,<br>    Plaintiff,<br><br>    v.<br><br>NORTON, HAMMERSLEY, LOPEZ & SKOKOS INVERSO PA, ACME INVESTMENT GROUP LLC, JOHN W. DEIDRE JAGO, SANCTUARY PELICAN POINTE HOA, PROGRESSIVE COMMUNITY MGT INC., JUDD, ULRICH, SCARLETT, WICKMAN, SIMMONTI & DEAN, PA, STEPHEN H. KURVIN, JUDGES LOGALBO JR., HAWORTH, BENNETT JR., DAKIN, ROBERTS, RUSHING, SHERIFF THOMAS KNIGHT, THE FLORIDA BAR,<br>    Defendants. | No. 3:17-cv-2164 (MPS) |

## INITIAL REVIEW ORDER

### I.      Background

Plaintiff Linda Lan Chmura, appearing *pro se*, brings this action under 42 U.S.C. §§ 1983, 1985, the Racketeer Influences and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1965(a), *et seq.*, and other statutory provisions. She seeks declaratory and injunctive relief, as well as punitive damages, in connection with a foreclosure action filed against her in Sarasota County, Florida.

Ms. Chmura's complaint arises out of a foreclosure of a property she owned in Sarasota County, Florida ("the Property"). Ms. Chmura alleges that she retained a law firm, Norton, Hammersley, Lopez & Skokos PA ("Norton Hammersley"), to represent her in the foreclosure action. Eventually, as a result of disagreements between Ms. Chmura and her counsel, Norton Hammersley terminated its representation. Ms. Chmura filed a legal malpractice action against the firm in Florida state court (Case No. 09 CC 001986 NC) and retained attorney Stephen

Kurvin to represent her. Norton Hammersley asserted counterclaims, including that Ms. Chmura owed the firm unpaid fees. Ms. Chmura fired Kurvin in May 2010 and ultimately lost the suit against Norton Hammersley. On September 13, 2010, Judge LoGalbo of the Florida Circuit Court for Sarasota County entered final judgment against Ms. Chmura and in favor of Norton Hammersley. (ECF No. 1-2 at 36-38.)

On May 26, 2011, Sheriff Thomas Knight executed the judgment by foreclosing upon and selling the Property to Acme Investment Group, LLC ("Acme"). (ECF No. 1-2 at 50.) Ms. Chmura then filed another lawsuit (Case No. 11 CA 004853 NC) against Norton Hammersley and Acme, seeking a declaratory judgment that the foreclosure sale was void. (ECF No. 1-2 at 91-94.) On October 28, 2011, Judge Roberts of the Florida Circuit Court for Sarasota County entered final judgment against Ms. Chmura and in favor of Norton Hammersley and Acme, stating that Acme owned the Property. (ECF No. 1-2 at 34.)

Ms. Chmura brings this action against Norton Hammersley, Acme Investment Group, her former attorney Stephen Kurvin, the Florida state court judges who rendered rulings against her, Clerk of Court Karen Rushing, Sheriff Thomas Knight, the Florida Bar, and various other individuals and entities. She seeks a declaration that the Sheriff's foreclosure sale was void, an injunction granting her the right to repossess the Florida property, and punitive damages.

## II.     Legal Standard

Because Ms. Chmura seeks to proceed *in forma pauperis*, the Court must evaluate her complaint and determine whether it should advance. 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss [a] case at any time if the court determines that [the action] is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.") The Court must construe *pro se* pleadings liberally, *Harris v.*

*Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that

they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006). A *pro se*

plaintiff, however, still must meet the standard of facial plausibility. *See Hogan v. Fischer*, 738

F.3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief.")

(citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    Discussion

#### A.  Absolute Judicial Immunity

Ms. Chmura's claims against Florida state court judges fail under the doctrine of absolute

judicial immunity, which renders judges immune from suit for damages for judicial acts. *Mireles*

*v. Waco*, 502 U.S. 9, 11 (1991). "[A]cts arising out of, or related to, individual cases before the

judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

Absolute judicial immunity protects judges from liability for their judicial acts, even when the

plaintiff alleges that the judge acted "maliciously or corruptly." *Stump v. Sparkman*, 435 U.S.

349, 356 (1978). Absolute immunity shields judges from all civil suits for damages, including

suits under Section 1983, Section 1985, or civil RICO. *See, e.g.*, *Peia v. U.S. Bankruptcy Court*,

62 F. App'x 394, 396 (2d Cir. 2003) (summary order affirming dismissal of RICO claim as

barred by judicial immunity); *Turner v. Boyle*, 116 F. Supp. 3d 58, 81-82 (D. Conn. 2015)

(dismissing Section 1983 and 1985 claims as barred by judicial immunity).

Absolute immunity also bars Ms. Chmura's Section 1983 claim for injunctive relief. The

1996 amendments to Section 1983 make injunctive relief unavailable for claims against judges

for actions taken in their judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Ms. Chmura's claims against Defendants LoGalbo, Haworth, Bennett, Dakin, and Roberts arise from acts the judges took in their judicial capacities while presiding over Ms. Chmura's Florida lawsuits. Ms. Chmura does not allege that any of the actions violated a declaratory decree or that declaratory relief was unavailable. Therefore, the claims against Florida state court Judges LoGalbo, Haworth, Bennett, Dakin, and Roberts are dismissed under the doctrine of judicial immunity and because they are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis*] statute.").

### B.  Absolute Quasi-Judicial Immunity

Clerk of Court Karen Rushing and Sheriff Thomas Knight are also immune from suit based on Ms. Chmura's allegations that Rushing entered writs of execution and Knight completed a Sheriff's sale as part of the foreclosure proceedings. Absolute immunity extends to nonjudicial officers who perform acts that "are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172-73 (2d Cir. 2004). Quasi-judicial immunity protects court clerks and sheriffs from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Garcia v. Hebert*, No. 3:08CV95 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)), *aff'd*, 594 F. App'x 26 (2d Cir. 2015) (summary order), *cert. denied*, No. 14-9720 (Oct. 5, 2015). *See also Tornheim v. Eason*, 363 F. Supp. 2d 674, 677 (S.D.N.Y. 2005) (sheriff had absolute quasi-judicial immunity for effectuating a judgment's mandate). Ms. Chmura's

claims against Rushing and Knight arise out of acts that were integrally related to the Florida foreclosure proceedings. Therefore, the Court dismisses Ms. Chmura's claims against Rushing and Knight as frivolous.

### C. *Rooker-Feldman* **Doctrine**

The Court must also dismiss this action because it lacks jurisdiction over Ms. Chmura's claims under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). That doctrine precludes federal district courts from reviewing final judgments of state courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The *Rooker-Feldman* doctrine applies where the plaintiff (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). The *Rooker-Feldman* doctrine "concerns a district court's subject-matter jurisdiction." *Lance v. Coffman*, 549 U.S. 437, 439 n.* (2007).

Ms. Chmura lost her cases in the Florida state courts before she filed this suit. She complains of injuries that she suffered as a result of those losses and requests that this Court declare that the foreclosure sale was void and order that she may take possession of the Property. Thus, Ms. Chmura's federal claims are "inextricably intertwined" with the Florida state court judgments, and this Court lacks jurisdiction to hear those claims. *See, e.g., Andrews v.*

*Citimortgage, Inc.*, No. 14-CV-1534 (JS)(AKT), 2015 WL 1509511, at \*4 (E.D.N.Y. Mar. 31, 2015) (holding that *Rooker-Feldman* doctrine precluded federal court jurisdiction over claims alleging injuries that occurred as a result of a state court foreclosure judgment); *Done v. Option One Mortg.*, No. 09-CV-4770, 2011 WL 1260820, at \*7 (E.D.N.Y. Mar. 30, 2011) ("Although plaintiff has made a cursory reference to seeking monetary damages, it is abundantly clear that the whole purpose of this action is to undo the foreclosure judgment. Therefore, *Rooker-Feldman* clearly applies."). Therefore, the Court dismisses Ms. Chmura's claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).[1]

### D. Statute of Limitations

Ms. Chmura's claims also fail because they are barred by the statute of limitations. The statute of limitations for a section 1983 claim is "that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The Connecticut statute of limitations for personal injury actions is three years. "When a § 1983 action is filed in the District of Connecticut, it is subject to a three-year statute of limitations." *Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998). "RICO claims are subject to a four-year statute of limitations." *Koch v. Christie's Intern. PLC*, 699 F.3d 141, 148 (2d Cir. 2012). "A cause of action to recover damages based on [a] RICO injury accrues to plaintiff at the time [she] discovered or should have discovered the injury." *Eno Farms Co-op. Ass'n., Inc. v. Corp. for Indep. Living*, 2007 WL 3308016, at \*4 (D. Conn. Nov. 5, 2007) (quoting *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1102 (2d Cir. 1988)) (alterations omitted).

---

[1] Further, the complaint fails to plead facts showing why the Court would have personal jurisdiction over any of the defendants. *See* Fed. R. Civ. P. 8(a)(1) (requiring allegations showing that the court has jurisdiction); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (where defendants have not appeared in a case, the court may dismiss a case *sua sponte* for lack of personal jurisdiction).

Here, all of the conduct underlying Ms. Chmura's claims occurred more than four years ago, with the most recent conduct occurring on October 28, 2011, when Judge Roberts entered final judgment against Ms. Chmura and in favor of Norton Hammersley and Acme. Ms. Chmura does not allege that she discovered her injuries at a later point in time. Therefore, Ms. Chmura's claims are barred by the statutes of limitations applicable to both Section 1983 and RICO claims and must be dismissed.[2]

**IV.     Conclusion**

For the reasons stated above, Plaintiff's claims are DISMISSED. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. The motion for leave to proceed *in forma pauperis* (ECF No. 2), emergency petitions (ECF Nos. 3 and 7), and motion to appoint counsel (ECF No. 6) are DENIED as moot.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:          Hartford, Connecticut
                May 9, 2018

---

[2] While the statute of limitations is an affirmative defense, the Court may consider it upon the filing of the complaint if "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008). Further, while the statute of limitations may be avoided where equitable tolling or other tolling doctrines apply, in this case the inapplicability of such doctrines is apparent because Ms. Chmura pleads no facts demonstrating that she was reasonably diligent in pursuing her claims and that extraordinary circumstances prevented her from filing her complaint within the limitations period. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). The facts alleged indicate not only that she knew of the cause of action but that she was actively litigating related claims in another forum at a time that is well beyond the statute of limitations. Ms. Chmura asserts a "fraud upon the court" but pleads no facts alleging "fraudulent concealment of the existence of a cause of action," as required for equitable tolling on the basis of "fraud." *See Pearl v. City of Long Beach*, 296 F.3d 76, 84 (2d Cir. 2002).